IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY L. REGAN,<br>#A1026256,<br><br>       Petitioner,<br><br>  vs.<br><br>STATE OF HAWAII, et al.,<br><br>       Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 08-00166 SOM-BMK<br><br><br>ORDER DISMISSING PETITION AS<br>TIME-BARRED |

## ORDER DISMISSING PETITION AS TIME-BARRED

On April 14, 2008, pro se Petitioner Anthony L. Regan, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  On May 23, 2008, Respondents filed an Answer to the Petition.  (Doc. No. 19.)  On July 7, 2008, Regan filed a Reply. (Doc. No. 32.)

After careful consideration of the entire record, the court finds that Regan's claims are barred by the statute of limitations.  Regan's Petition is, therefore, DISMISSED with prejudice as time-barred.

## I. BACKGROUND

On June 6, 2002, after entering a guilty plea, Regan was convicted in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), in Cr. No. 01-1-2155, of one count of Terroristic Threatening in the First Degree in violation of Hawaii Revised Statute ("Haw. Rev. Stat.") § 707-716.  (Ans. App.

B1, Ex. G.)  On September 24, 2002, the circuit court sentenced Regan to probation.  (*Id.* App. B1, Ex. H.)  Regan did not directly appeal his conviction.

Five and a half months later, on March 12, 2003, the State filed a Motion for Revocation of Probation, Resentencing and Issuance of Bench Warrant, alleging that Regan had violated the terms of his probation.  (*Id.* App. C.)  On February 9, 2004, after stipulating to violating the terms of his probation, Regan was resentenced to five years imprisonment without credit for probation served.  (*Id.* App. B1, Ex. K.)  Judgment and mittimus issued immediately, and Regan was committed to prison.  (*Id.*)  Three months later, on May 5, 2004, Regan, represented by counsel, moved for reconsideration of his sentence.  (*Id.* App. B2, Ex. L.)  On July 7, 2004, the circuit court denied the reconsideration motion, issuing a written order on July 22, 2004.  (*Id.* App. B, Exs. L & O & App. D.)  Regan did not appeal either the order of resentencing or the order denying his motion for reconsideration.

On September 15, 2004, Regan filed a petition for post conviction relief pursuant to Rule 40 of Hawaii Rules of Penal Procedure in the circuit court ("Rule 40 Petition").[1]  (*Id.* App.

---

[1] As Regan signed the Rule 40 Petition on August 26, 2004, this court will consider that date as the date that it was handed to prison authorities for filing pursuant to the prison mailbox rule.  *See Houston v. Lack,* 487 U.S. 266, 276 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (holding

A.)  Regan raised eleven grounds for relief including violations of the United States and Hawaii Constitutions, ineffective assistance of counsel, violations of the plea agreement, unlawful revocation of probation, and other alleged miscellaneous state law violations.  (*Id.*)

On July 11, 2005, the circuit court denied Regan's Rule 40 Petition, concluding that it was "patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petition and therefore, [and] has failed to state a claim upon which relief may be granted."  (*Id.* App. E at 2.)

On July 26, 2005, Regan filed a letter and a document titled "motion for reconsideration and/or certificate of appealability" ("July 26 Motion for Reconsideration") with the circuit court.  (Ans. App. F; Reply Ex. D.)  On October 6, 2005, the circuit court denied Regan's July 26 Motion for Reconsideration.  *See Regan v. State*, S.P.P. No. 1PR04-1-000076, available at http://hoohiki1.courts.state.hi.us/jud/Hoohiki, "Order Summarily Denying Motion for Reconsideration and/or Certificate of Appealability," Doc. No. 46.

---

that in the absence of contrary evidence it assumes that the document was delivered for mailing on the date it was signed); *but see Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (inmate can establish date he delivered pleading to authorities by showing when it was logged into the prison mail system or by submitting a declaration or notarized statement setting forth the date of delivery to officials).

In the meantime, on September 20, 2005, Regan also filed a notice of appeal of the denial of his Rule 40 Petition. (Ans. App. F.)  On August 31, 2007, the Hawaii Supreme Court dismissed Regan's appeal for lack of jurisdiction because it was untimely.  (*Id.* App. J, Summary Disposition Order.)  In doing so, the Hawaii Supreme Court concluded that Regan's July 26 Motion for Reconsideration could not be construed as a notice of appeal because:

> the "primary relief" sought from [Regan's] July 26, 2005 "motion for reconsideration and/or certificate of appealability" was for reconsideration of the circuit court's July 11, 2005 order denying post-conviction relief, with the possibility of appeal as a "default remedy"; and (2) his "motion for reconsideration and/or certificate of appealability" did not toll the thirty day time-limit pursuant to Hawaii Rules of Appellate Procedure Rule 4(b)(1) to file a notice of appeal.  As a result, Regan's September 20, 2005 "notice of appeal" was untimely.

*Id.* (internal footnotes omitted).

On April 14, 2008, after filing two motions for reconsideration of this decision, both of which were denied,[2]

---

[2] Regan moved for reconsideration on September 13, 2007, and the Hawaii Supreme Court dismissed this motion as untimely. (Ans. App. K.)  Regan's second motion for reconsideration was then dismissed as improperly filed, however, the Hawaii Supreme Court later vacated that decision, and, on November 6, 2007, dismissed it as untimely.  (*Id.* Apps. L & M.)

Regan filed the instant Petition.[3]  Regan raises ten grounds for relief:

Ground One: "Unconstitutional guilty plea in violation of the 5th and 14th [A]mendment[s] [d]ue [p]rocess [c]lause[;]"

Ground Two: "Ineffective assistance of counsel[;]"

Ground Three: "Unconstitutional [s]tatute - violation of 5th and 14th [A]mendment [d]ue [p]rocess rights[;]"

Ground Four: "Unconstitutional revocation of Rule 11 plea agreement and resentencing violative of 5th and 14th [d]ue [p]rocess[;]"

Ground Five: "S[tate] court lacked jurisdiction[;]"

Ground Six: "Double Jeopardy[;]"

Ground Seven: "Cruel and Unusual Punishment in violation of the 8th [A]mendment and the 5th and 14th [A]mendment [d]ue [p]rocess [c]lause;"

Ground Eight: "Denied 5th, 6th and 14th [A]mendment rights to present a defense, cross examine, or use witness in support[;]"

Ground Nine: "Denial of right to a trial by a fair and impartial jury and denied an impartial or unbiased tribunal[;]" and

Ground Ten: "Violations of the 5th, 6th, and 14th [A]mendments[.]"

(Pet. 6-12W.)

---

[3] Regan also filed two previous federal petitions for writ of habeas corpus while his state court proceedings were pending. *See Regan v. Hawaii, et al.*, Civ. No. 04-00626 ACK; *Regan v. Dep't of Public Safety, et al.*, Civ. No. 07-00181 DAE. These petitions were dismissed without prejudice for lack of exhaustion. This court and the Ninth Circuit denied certificates of appealability in both cases.

## II. **LEGAL STANDARD**

Section 2244 provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions the statute of limitation may be equitably tolled.  *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  To qualify for equitable tolling, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

6

extraordinary circumstance stood in his way." *Pace*, 544 U.S. at
---, 125 S. Ct. at 1814.  "[T]he threshold necessary to trigger
equitable tolling under [the Anti-Terrorism and Effective Death
Penalty Act ("AEDPA")], is very high, lest the exceptions swallow
the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.
2002) (internal quotation marks and citation omitted).  This high
bar is necessary to effectuate the "AEDPA's statutory purpose of
encouraging prompt filings in federal court in order to protect
the federal system from being forced to hear stale claims."
*Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal
quotation marks and citation omitted).  Equitable tolling
determinations are "highly fact-dependent." *Whalem/Hunt v.
Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (*per
curiam*); *accord Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir.
2002) (observing that equitable tolling determinations "turn[ ]
on an examination of detailed facts").

### III. <u>DISCUSSION</u>

Respondents argue that Regan's Petition is barred by
the statute of limitations and that his claims for relief are
without merit.  Regan disputes this, arguing that (1) he is
entitled to statutory tolling under § 2244(d)(2), because he
timely filed a notice of appeal of the denial of his Rule 40
petition; (2) in the alternative, he is entitled to equitable
tolling of the statute; and (3) his claims are meritorious.

7

A.    The Timeliness of This Petition

          Judgment entered on Regan's resentencing on February 9,
2004.  Regan then had until **March 10, 2004**, to appeal this
decision.  *See* Haw. R. App. P. 4(b)(1); *Wixom v. Washington*, 264
F.3d 894, 898 (9th Cir. 2001) (relying on state law to determine
when time for seeking review with state supreme court had
expired, to determine finality of conviction under AEDPA's
statute of limitation).  Regan, represented by counsel, chose not
to appeal but instead moved almost three months later for
reconsideration of the sentencing order.  Motions for
reconsideration in criminal cases do not toll the time to appeal
in Hawaii.  *See State v. Brandimart*, 720 P.2d 1009, 1010 (Haw.
1986); Haw. R. App. P. 4(b)(2).[4]  Because Regan neither appealed
nor requested an extension of time to appeal within thirty days,
Regan's conviction and sentence became final on **March 11, 2004.**
*See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002).

          **Fifty-five** days then ran on the statute of limitation,
until May 5, 2004, when Regan moved for reconsideration of the
sentence under Rule 35(b) of the Hawaii Rules of Penal
Procedure.[5]  Because the circuit court denied Regan's Rule 35(b)

---

          [4] Rule 4(b)(2) allows tolling for motions filed under Haw.
R. Penal P. 33 (motions for new trial) and 34 (motions for arrest
of judgment) only.

          [5] There is a circuit split concerning whether a motion for
reconsideration of sentence, brought under state rules of penal
or criminal procedure, is an "application for State post-

motion on July 22, 2004, and Regan did not appeal this decision, the statute commenced running again thirty-one days later on August 22, 2004, and ran for **four** more days, representing a total of **59 days that had run against him**.

The statute then tolled again on August 26, 2004, when Regan signed and presumably delivered his Rule 40 Petition to prison authorities for mailing.  The circuit court denied Regan's Rule 40 Petition on July 11, 2005, and Regan had until **August 10, 2005**, to appeal pursuant to Haw. R. Penal P. 40(h) and Haw. R. App. P. 4(b).  Regan did not appeal, choosing instead to file his July 26 Motion for Reconsideration.  As noted above, a motion for reconsideration does not toll the time for filing an appeal in Hawaii.  Unless Regan is entitled to statutory or equitable tolling, the statute of limitation expired on Regan's claims **306** days later, on **June 13, 2006.**

---

conviction or other collateral review" subject to tolling under § 2244(d)(2).  *Compare Walkowiak v. Haines*, 272 F.3d 234, 235 (4th Cir. 2001) (holding that Rule 35(b) of West Virginia's Rule of Criminal Procedure, which concerns a motion for reduction of sentence and is substantially identical to Hawaii's Rule 35(b), does *not* toll the statute) *with Robinson v. Golder*, 443 F.3d 718 (10 Cir. 2006) (disagreeing with *Walkowiak*, and holding that Rule 35(b) of the Colorado Rules of Criminal Procedure, also analogous to Hawaii's Rule 35(b), *does* toll the statute). The Ninth Circuit has not yet ruled on the issue.  Hawaii, however, apparently treats Rule 35 motions as motions for collateral relief, *see Loher v. State*, — P.3d —, 2008 WL 2721179 (Haw. App. Jul. 14, 2008), and this court will do the same, presuming that such motions toll the federal statute of limitation.

Regan argues that his July 26 Motion for Reconsideration was meant to be a notice of appeal, and should have been construed as such by the Hawaii courts. Regan's own documents contradict this argument. The letter Regan filed with his July 26 Motion for Reconsideration clearly stated that he was "gearing up for appeal," and requested information on how and where to appeal. (Reply Ex. D.) This statement suggested that Regan had not yet formalized his appeal and did not intend the enclosed motion to be his appeal. The Motion itself explicitly stated that Regan "humbly seeks a reconsideration . . . [and] [i]f the Honorable Court enters a judgement against the petitioner, he requests that an attorney . . . be appointed to represent him on appeal." (*Id.*, Mot. at ¶¶ 7-8.) Regan was thus seeking reconsideration by the circuit court, intending to appeal only if he was denied relief.

Regan may have mistakenly believed that filing a motion for reconsideration in the state court would toll the time for filing an appeal of his Rule 40 petition, as it does in the federal court.[6] In Regan's eight federal actions it has been his

---

[6] This would also explain the confusing title on Regan's July 26 Motion for Reconsideration, which includes "and/or Certificate of Appealability." There is no requirement known to this court that a party seek a certificate of appealability in a state court Rule 40 Petition. Regan also mistakenly sought certificates of appealability ("COAs") in two of his federal civil rights actions and was informed both times that COAs were only necessary in § 2254 actions. *See* Civ. No. 06-00068, Doc. No. 13; Civ. No. 07-00121, Doc. No. 142.

practice to consistently file numerous motions for reconsideration, and only thereafter to file notices of appeal.[7] Regan's apparent mistake of state law, however, does not excuse his failure to timely file his appeal in the state court.   *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing'" of a habeas petition.)

Finally, the Hawaii Supreme Court explicitly found that Regan's July 26 Motion for Reconsideration was primarily seeking reconsideration, and that Regan stated that he would file an appeal only as a default option.  (*See* Ans. App. J, Aug. 31, 2007, Summary Disposition Order 1-2.)  Because motions for reconsideration do not toll the time for filing a notice of appeal in Hawaii under Haw. R. App. P.4(b), the supreme court held that Regan's September 20 Notice of Appeal was untimely under state law, and that the court lacked jurisdiction to consider his appeal.  (*Id.*)  A state court's construction of state procedures "shall be presumed to be correct," unless

---

[7]*See, e.g., Regan v. Dept. of Pub. Safety*, Civ. No. 07-00181 DAE (2 recon. mots. Doc. Nos. 7 & 13); *Regan v. Dept. of Pub. Safety*, Civ. No. 07-00029 JMS (2 recon. mots., Doc. Nos. 91 & 101); *Regan v. Dept. of Pub. Safety*, Civ. No. 06-00121 DAE (4 recon. mots. Doc. Nos. 34, 84, 116, 136); *Regan v. Dept. of Pub. Safety*, Civ. No. 06-00066 JMS (3 recon. mots. Doc. Nos. 8, 19, & 36); *Regan v. Oahu Comty. Corr. Facility*, Civ. No. 04-00731 SOM (2 recon. mots. Doc. Nos. 45 & 50).

rebutted by clear and convincing evidence.  *See* 28 U.S.C.

§ 2254(e)(1).  The July 26 Motion for Reconsideration was not a

notice of appeal and did not toll § 2244's statute of limitation

for this Petition.

Regan next argues that Haw. R. App. P. 4(b)(1),

governing appeals in criminal proceedings, is inapplicable to his

Rule 40 petition, because a Rule 40 petition is civil in nature,

rather than criminal.  Regan asserts that Rule 4(a)(3), allowing

tolling for reconsideration motions in civil cases, should be

applied to his Rule 40 petition.  Regan is incorrect.  Rule 40(h)

of the Hawaii Rules of Penal Procedure governs the time to appeal

the denial of a Rule 40 Petition and specifically states that

appeals may be taken "in accordance with Rule 4(b) of the Hawai`i

Rules of Appellate Procedure."  Haw. R. Penal P. 40(h).   Rule 40

Petitions are governed as set forth in the statute itself.[8]

Section 2244(d)(2) tolls the statute of limitations

only during the time a "properly filed" state court petition is

---

[8] Even in federal court, habeas petitions are governed by
the Federal Rules of Civil Procedure only to the extent that they
do not conflict with other provisions in the statute itself.  *See*
Rule 11, Fed. R. Governing § 2254 Cases (providing that the
Federal Rules of Civil Procedure may be applied in habeas corpus
proceedings to the extent that the rules of civil procedure are
not inconsistent with any statutory provision or with the rules
governing habeas cases); Fed. R. Civ. P. 81(a)(2) (providing that
the Federal Rules of Civil Procedure are applicable to
proceedings for habeas corpus "to the extent that the practice in
such proceedings is not set forth in statutes of the United
States, the Rules Governing Section 2254 Cases, or the Rules
Governing Section 2255 Proceedings").

pending.  "Properly filed means the petition's delivery and acceptance are in compliance with the applicable laws and rules governing filings in that state." *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005)(internal citations omitted).  In *Pace*, the Supreme Court held, "When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."  544 U.S. at 410.  Because Regan's notice of appeal was untimely, the statute of limitations began to run on his claims on August 11, 2005, and **306 days later, on June 13, 2006, it expired**.[9]

Regan is not entitled to statutory tolling under any other provision of 28 U.S.C. § 2244(d).  Regan presents no newly discovered evidence or newly enunciated constitutional right that has been made retroactively applicable to him for tolling under § 2244(d)(1)(C-D).

Regan claims that tolling under § 2244(d)(1)(B) is appropriate because he was denied access to the prison law

---

[9] Regan argues that he is entitled to have time tolled for 90 days *after* the date that the Hawaii Supreme Court dismissed his appeal as untimely, to petition the U.S. Supreme Court for certiorari. First, a habeas petitioner is not entitled to tolling while a petition for certiorari is or could be pending after state post-conviction proceedings are completed. *Lawrence v. Florida*, — U.S. —, —, 127 S. Ct. 1079, 1083 (2007).  Second, once Regan's appeal was dismissed as untimely, there was no Hawaii Supreme Court decision remaining from which to seek certiorari. *Pace*, 544 U.S. at 410; *Duncan*, 297 F.3d at 812-13 (holding that, if petitioner fails to appeal, the conviction becomes final when the time for seeking an appeal elapses.)

library and this constituted a state-created impediment to filing his federal habeas petition.  In support of this argument, Regan refers the court to three of his federal actions, Civ. Nos. 06-00066 JMS-LEK; 07-00029 JMS-BMK; and 06-00121 DAE-LEK.  First, an assertion that the statute of limitation was delayed by a state-created impediment requires a showing of a due process violation.  *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Regan has made no such showing here.

Second, access to a law library is not an end in itself, but is simply a means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (citation omitted).  To establish a violation of the right of access to the courts, a prisoner must first establish that he has suffered an *actual injury*, and thus has the standing required to invoke the federal court's jurisdiction.  *Id.* at 349.

Regan cannot show any actual injury to his right of access to the courts because he has successfully filed eight actions in this court, including two previous federal habeas petitions, as well as his Rule 40 post-conviction petition in the state court, during the same period that he alleges he was denied access to the law library.  In each of these actions Regan filed multitudes of motions, documents, letters, and claims.  His claim

14

that a lack of access to the prison law library prevented him from timely filing the present petition is contradicted by the record in this case, as well as in the state and federal courts' databases of his other cases.

Moreover, the federal actions that Regan cites in support of this argument do not show that he was actually denied access to the law library.  In Civ. No. 00121, based on court-ordered documentary evidence, affidavits, and declarations, Magistrate Judge Leslie Kobayashi found that between August and November 2006, Regan was granted weekly law library appointments. After that date, until at least September 21, 2007, Regan made no requests to visit the law library and filed no grievances related to library access.  *See* Civ. No. 00121, Doc. No. 118.  These dates coincide closely with the time periods at issue here, showing that Regan did, in fact, have access to the law library during the time his statute of limitation was running.  Regan argued, then as now, that he did not get along with the prison librarian and therefore could not attend the library.  This was Regan's choice; there is no evidence that he was prevented from using the law library.

In Civ. No. 07-00029 JMS, the court also held that Regan failed to state a claim regarding his claims of denial of access to the law library.  And Civ. No. 06-00066 was dismissed for Regan's failure to exhaust his administrative remedies.

15

Regan's numerous filings in his cases in this court give ample
evidence that he was *not* denied access to the court during any
meaningful period during which he could have filed the present
federal petition and was not otherwise prevented from timely
filing the present petition by a state-created impediment.   There
is no basis for statutory tolling of the statute of limitation
under § 2244(d)(1).

B.   Equitable Tolling of the Statute of Limitation

Unless Regan can provide a basis for equitably tolling
the statute of limitation, his Petition is time-barred.   Regan
appears to argue that he is entitled to equitable tolling of the
statute because (1) he lacked access to the prison law library;
(2) he had signed the Petition on December 20, 2007, but waited
to file it until just before he was released, so that he could
file a well-researched Reply to any Answer; and (3) he was
researching how to file a disciplinary complaint against District
Judge David Ezra.

In support of equitable tolling due to lack of access
to the library, Regan cites *Whalem/Hunt v. Early*, 233 F.3d 1146
(9th Cir. 2000)(*en banc*), which held that the unavailability of
materials in the prison law library explaining AEDPA may warrant
equitable tolling or a delayed commencement of the limitations
period pursuant to § 2244(d)(1).   In *Whalem/Hunt*, the Ninth
Circuit remanded the habeas petition to the district court for a

16

factual determination of whether the petitioner ever had access to information concerning AEDPA's statute of limitation.  The Ninth Circuit held that a pro se petitioner's inability to obtain information about the statute of limitation deadline may warrant equitable tolling.  *Whalem/Hunt*, 233 F.3d at 1148.

Regan, however, has had access to information regarding AEDPA's statute of limitation since at least December 2004, when his first amended federal habeas petition was dismissed, in Civ. No. 04-00626.  In the Order dismissing the petition for lack of exhaustion, the court specifically notified Regan of the statute of limitation and its requirements and warned him that it was his burden to prove the presence of extraordinary circumstances warranting tolling.  *See* Civ. No. 04-00626 ACK, Doc. No. 7, Order Dismissing Amended Petition at 4-5.  Regan clearly had knowledge of the federal statute of limitation governing habeas petitions approximately three years before he filed this Petition.[10]  As discussed above, he also had access to the prison law library during the relevant time.  There is no basis to equitably toll the statute of limitation under *Whalem/Hunt*, or based on a general lack of access to the law library.

---

[10] Regan was notified again of AEDPA's statute of limitation when he filed his second federal habeas petition on April 2, 2007, in Civ. No. 07-00181 DAE, because the habeas form that he used clearly defined § 2244(d), and asked that he explain why the statute did not apply to his case.  *See* Doc. No. 1, Petition, at Part 3, p. 35.

Regan's argument that he completed his Petition on or before December 20, 2007, is also unavailing.  The statute of limitation on Regan's claims expired on **June 13, 2006.**  Even if Regan had filed the Petition on December 20, 2007, it would still have been untimely.  Regan's excuse that he waited to file the Petition until just before he was released so that he could more diligently research arguments presented in the Answer is unpersuasive.  Regan has consistently filed pleadings, motions, and documents in both state and federal court since he was incarcerated in 2004.  Regan has provided copious citations to caselaw throughout all of these documents, showing that he was able to research his claims while imprisoned and capably respond to adversarial motions.  Regan also knows that the federal court *always* construes his pleadings with liberality.  If Regan presented timely cognizable claims, this court would have ensured that justice was served despite any lack of legal sophistication in his documents.

Finally, Regan's argument that the statute of limitation should be tolled for him because he was attempting to file a complaint of judicial misconduct against U.S. District Judge David Ezra is rejected.  Regan first notified the court that he sought to file charges of judicial misconduct against Judge Ezra on December 14, 2008, when he filed his notice of appeal of Judge Ezra's Order terminating his action in Civ. No.

18

06-00121.  *See* Civ. No. 06-00121, Doc. No. 140.  The Clerk of Court thereafter forwarded Regan's notice of appeal, which contained his questions on how to file charges against Judge Ezra, to the Ninth Circuit.  *See id.*, Doc. No. 143.  Regan's decision to file charges against Judge Ezra came long after the statute of limitation for filing this Petition had expired and cannot serve as a basis to equitably toll the statute of limitation.

### IV. CONCLUSION

The statute of limitation under 28 U.S.C. § 2244(d) expired on this action on June 13, 2006.  Regan is not entitled to further statutory tolling beyond that date.  Because the Petition was not filed until April 14, 2008, and because Regan provides no extraordinary circumstances justifying equitable tolling, the Petition is **DISMISSED** with prejudice as time-barred.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 22, 2008.



            /s/ Susan Oki Mollway
            Susan Oki Mollway
            United States District Judge


*Regan v. Hawaii, et al.*, Civ. No. 08-00166 SOM-BMK; ORDER DISMISSING PETITION AS TIME-BARRED; dmp/Habeas 08/Regan 08-166 SOM (dny pet SOL)

19