IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY L. REGAN, #A1026256, | ) ) ) | CIVIL NO. 08-00166 SOM-BMK |
| Petitioner, | ) ) | ORDER DENYING MOTION FOR RECONSIDERATION AND |
| vs. | ) ) | CERTIFICATE OF APPEALABILITY |
| STATE OF HAWAII, et al., | ) ) | |
| Respondents. | ) ) | |
| _____ | ) | |

### ORDER DENYING MOTION FOR RECONSIDERATION AND CERTIFICATE OF APPEALABILITY

Petitioner Anthony L. Regan seeks reconsideration of the July 22, 2008, Order Dismissing Petition as Time-Barred ("July 22 Order"), Doc. No. 33.  Petitioner argues that he: (1) timely appealed the dismissal of his Rule 40 Petition, because the circuit court failed to enter appealable findings of fact and conclusions of law; (2) was unaware that he could directly appeal his resentencing based on ineffective assistance of counsel; (3) was denied adequate access to the prison law library; (4) did not have access to information concerning the statute of limitation in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"); and (5) was unable to capably research his claims throughout all of his litigation in federal court, as evidenced by the dismissal of all of his actions.  Petitioner also argues that the court failed to liberally construe his pleadings in all of his federal actions or to "ensure that justice was served."  The Motion for

Reconsideration is DENIED.  Insofar as Petitioner seeks a certificate of appealability, it is DENIED.

## DISCUSSION

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons that the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *accord Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted).

Only three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  *See Mustafa v. Clark County School District*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing

*Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

I.  <u>The July 11 Order was a Final and Appealable Order</u>

Petitioner argues that the circuit court failed to file an order containing "findings of fact and conclusions of law," as he alleges is required by Rule 40(g)(3) of the Hawaii Rules of Penal Procedure.[1]  Specifically, Petitioner says that the state circuit court's Order Denying Petition for Post-Conviction Relief filed on July 11, 2005 ("July 11 Order"), "did not state its findings of fact and conclusions of law as required by STATE

---

[1] Rule 40 states in pertinent part:

(g) **Disposition**.

(1) *In favor of the Petitioner*. If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceeding, or with respect to custody based on such judgment, and such supplementary orders as to rearraignment, retrial, custody, bail, discharge or other matters as may be necessary or proper.

(2) *Against the Petitioner*. The court may dismiss a petition at any time upon finding the petition is patently frivolous, the issues have been previously raised and ruled upon, or the issues were waived. The court may deny a petition upon determining the allegations and arguments have no merit.

(3) *The Judgment*. The court shall state its findings of fact and conclusions of law in entering its judgment on the petition.

(h) **Review**. Any party may appeal from a judgment entered in the proceeding in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure.

3

law." (Mot. 5.)  Petitioner claims that, as it was therefore unclear when his appeal time began to run, his "formal" Notice of Appeal, filed on September 20, 2005, was timely.  In the alternative, Petitioner reargues that his "Motion for Reconsideration and/or Certificate of Appealability" was also a Notice of Appeal, and the "'Motion for Reconsideration' part was simply because petitioner could not tell whether the court had issued a final judgment and because it was a polite way to appeal[.]"  (Mot. 9.)

The court rejects these arguments.  First, this court's July 22 Order carefully considered and rejected Petitioner's arguments that his Motion for Reconsideration in his Rule 40 petition was meant to be a Notice of Appeal.  Petitioner provides nothing persuading the court to revisit this issue.  For the reasons set forth in the July 22 Order, the court remains convinced, as was the Hawaii Supreme Court, that Petitioner intended his Motion for Reconsideration to be just what it claimed to be, and not a Notice of Appeal.

Second, Rule 40(h) of the Hawaii Rules of Penal Procedure authorizes a timely appeal from an order that disposes of a petition for post-conviction relief.  Rule 4(b) of the Hawaii Rules of Appellate Procedure, which governs appeals in Rule 40 proceedings, states that "the notice of appeal shall be filed in the circuit, district, or family court within 30 days

after the entry of the judgment *or order appealed from*" (emphasis added).  The circuit court entered its Order Denying Petition for Post-Conviction Relief on July 11, 2005; if Petitioner wanted to appeal from that order, he had thirty days to do so under Rule 4(b).

Third, although the state circuit court did not formally title the July 11 Order "findings of fact and conclusions of law," the July 11 Order explicitly stated that it was the decision of the court, found that Petitioner's claims were "patently frivolous and [] without a trace of support in the record or from other evidence[,]" and concluded as a matter of law that the Rule 40 petition "failed to state a claim upon which relief may be granted."  (Resp.'s Ans., Ex. E at 2.)  These statements were more than sufficient to alert Petitioner that the circuit court was denying his claims in their entirety based on the facts presented and the governing law pursuant to Rule 40(g)(2).  The July 11 Order gave adequate notice to Petitioner that he had to appeal the decision if he wanted further relief from the state courts.

Fourth, the Hawaii Supreme Court treated the July 11 Order as an appealable order, while concluding that Petitioner failed to timely appeal.  In other Rule 40 actions in which the state circuit courts have failed to expressly label rulings as findings of fact and conclusions of law, the Hawaii Supreme has

5

accepted and adjudicated notices of appeal when the appeals were timely filed.  *See Hutch v. State*, 114 P.3d 917, 919 n.6 (Haw. 2005) (noting that "[i]nasmuch as there are no recorded findings by the court, the argument by the State that Appellant did not specifically challenge the court's 'implicit findings of fact' is without merit.").  The Hawaii Supreme Court has found reviewable a trial court's purely oral findings and reasons for denying a Rule 40 petition.  *See State v. Hauge*, 79 P.3d 131, 142, 103 Haw. 38, 49 (2003); *State v. Uganiza*, 702 P.2d 1352, 1354 n.2,  68 Haw. 28, 30 n.2 (1985).  Here, the circuit court issued an obviously final and appealable written order.

II.   Petitioner's Other Arguments are Unavailing.

The court has already ruled on Petitioner's arguments that he was denied adequate access to the prison law library and did not have access to information concerning AEDPA's statute of limitation.  Petitioner raises no new arguments based on a change in the controlling law governing these issues or newly discovered evidence not previously available.  Nor is the court persuaded that it should reconsider these arguments based on any error in law or fact to prevent manifest injustice.

Finally, Petitioner's asserted ignorance of his right to directly appeal his resentencing is unavailing here because Petitioner is time-barred from raising *any* of his substantive claims, including ineffective assistance of counsel.  Petitioner

raised an ineffective assistance of counsel claim in his Rule 40 petition.  Had that petition been timely appealed, the claim might have been considered by this court.  As explained in the July 22 Order, however, all of Petitioner's claims are time-barred because he failed to file his federal habeas petition within one year of the state court's denial of his Rule 40 petition for post-conviction relief.[2]

## CONCLUSION

Petitioner presents no intervening change in controlling law or new and previously unavailable evidence in support of his Motion.  Nor is there an obvious need to correct an error in law or fact to prevent injustice.  The Motion for Reconsideration is **DENIED**.

Insofar as Petitioner seeks a certificate of appealability ("COA"), the court **DENIES** the request.  A COA should only issue if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To obtain a COA concerning a claim denied on procedural grounds, Petitioner must show that jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right and that jurists of

---

[2] The record in Petitioner's action establishes the lack of merit in Petitioner's argument that the federal court has failed to liberally construe any of Petitioner's pleadings or to ensure that justice was served.

reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

The court dismissed the Petition on procedural grounds as time-barred.  Nothing in the record supports a conclusion that jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling.  Petitioner's habeas claims were time-barred on appeal in state court; the claims would be procedurally barred if he attempted to exhaust them now.  The Certificate of Appealability is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 12, 2008.



   /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Regan v. Hawaii, et al.*, Civ. No. 08-00166 SOM-BMK; ORDER DENYING MOTION FOR RECONSIDERATION AND CERTIFICATE OF APPEALABILITY; dmp/Recon 08/Regan 08-166 SOM (habeas)